Jason Barrat; AZ Bar No. 029086
**WEILER LAW PLLC**
5050 N.40th St., Suite 260
Phoenix, AZ 85018
Tel & Fax: 480.442.3410
jbarrat@weilerlaw.com
www.weilerlaw.com

Attorneys for Plaintiff

# UNITED STATES DISTRICT COURT

## DISTRICT OF ARIZONA

| | |
|---|---|
| **Debra Thomas**, an Arizona resident; <br><br> Plaintiff, <br><br> v. <br><br> **Khatri, LLC d/b/a GND Water and Ice**, an Arizona company; **Sanjay Khatri,** an Arizona resident; and **Jyoti Khatri,** an Arizona resident; <br><br> Defendants. | **Case No.** <br><br><br> **VERIFIED COMPLAINT** |

Plaintiff Debra Thomas ("**Plaintiff**"), for her Verified Complaint against Defendants Khatri, LLC d/b/a GND Water and Ice ("**GND Water and Ice**"); Sanjay Khatri; Jyoti Khatri (collectively **"Defendants"**), hereby alleges as follows:

## NATURE OF THE CASE

1. Plaintiff brings this action against Defendants for their unlawful failure to pay overtime in violation of the Fair Labor Standards Act, 29 U.S.C. §§ 201-219 (hereinafter "**FLSA**"); and failure to pay minimum wage in violation of A.R.S. §§ 23-362 - 23-364 ("**Arizona Minimum Wage Statute**" or "**AMWS**").

2. This action is also brought to recover overtime and minimum wage

Doc ID: feaca0b142aaf5da00a4e1492ebf73502153178a

compensation, liquidated or double damages, treble damages, and statutory penalties resulting from Defendants' violations of the FLSA and AMWS.

## JURISDICTION AND VENUE

3.      This Court has jurisdiction over the subject matter and the parties hereto pursuant to 29 U.S.C. § 216(b) and 28 U.S.C. § 1331.

4.      Venue is proper in this District under 28 U.S.C. §§ 1391(b) and (c) because all or a substantial part of the acts or omissions giving rise to the claims occurred in the state of Arizona.

5.      Plaintiff's state law claim is sufficiently related to her federal claim that it forms the same case or controversy. This Court therefore has supplemental jurisdiction over Plaintiff's claim under the Arizona Minimum Wage Statute pursuant to 28 U.S.C. § 1367.

6.      Plaintiff was employed by Defendants in this District.

## PARTIES

7.      At all relevant times to the matters alleged herein, Plaintiff Debra Thomas resided in the District of Arizona.

8.      At all relevant times to the matters alleged herein, Plaintiff Debra Thomas was a full-time employee of Defendants from on or around April 18, 2023, until on or around August 9, 2024 ("**all relevant times**").

9.      At all relevant times to the matters alleged herein, Plaintiff Debra Thomas was an employee of Defendants as defined by 29 U.S.C. § 203(e)(1).

10.     At all relevant times to the matters alleged herein, Plaintiff Debra Thomas was an employee of Defendants as defined by A.R.S. § 23-362(A).

WEILER LAW PLLC

5050 N.40th St., Suite 260, Phoenix, AZ 85018
Tel & Fax: 480.442.3410 – info@weilerlaw.com

WEILER LAW PLLC

5050 N.40th St., Suite 260, Phoenix, AZ 85018
Tel & Fax: 480.442.3410 – info@weilerlaw.com

11.    At all relevant times to the matters alleged herein, Plaintiff Debra Thomas was a non-exempt employee.

12.    Defendant GND Water and Ice is a company authorized to do business in Arizona.

13.    Defendant GND Water and Ice was Plaintiff's employer as defined by 29 U.S.C. § 203(d).

14.    Defendant GND Water and Ice was Plaintiff's employer as defined by A.R.S. § 23-362(B).

15.    Defendant Sanjay Khatri is an Arizona resident.

16.    Defendant Sanjay Khatri has directly caused events to take place giving rise to this action.

17.    At all relevant times, Defendant Sanjay Khatri was an owner of GND Water and Ice.

18.    At all relevant times, Defendant Sanjay Khatri was an employer of GND Water and Ice.

19.    At all relevant times, Defendant Sanjay Khatri was a member of GND Water and Ice.

20.    At all relevant times, Defendant Sanjay Khatri is the statutory agent for GND Water and Ice.

21.    Defendant Sanjay Khatri has been at all relevant times Plaintiff's employer as defined by 29 U.S.C. § 203(d).

22.    Defendant Sanjay Khatri has been at all relevant times Plaintiff's employer as defined by A.R.S. § 23-362(B).

Doc ID: feaca0b142aaf5da00a4e1492ebf73502153178a

WEILER LAW PLLC
5050 N.40th St., Suite 260, Phoenix, AZ 85018
Tel & Fax: 480.442.3410 – info@weilerlaw.com

23. Defendant Sanjay Khatri had the authority to hire and fire Plaintiff.

24. Defendant Sanjay Khatri interviewed and hired Plaintiff on or around April 18, 2023.

25. Defendant Sanjay Khatri supervised and controlled Plaintiff's work schedules or the conditions of Plaintiff's employment.

26. Defendant Sanjay Khatri would make the schedules.

27. Defendant Sanjay Khatri determined the rate and method of Plaintiff's payment of wages.

28. Defendant Sanjay Khatri provided Plaintiff with cash under the table.

29. As a person who acted in the interest of the previously identified corporate entity in relation to the company's employees, Defendant Sanjay Khatri is subject to individual and personal liability under the FLSA and AMWS.

30. Defendant Jyoti Khatri is an Arizona resident.

31. Defendant Jyoti Khatri has directly caused events to take place giving rise to this action.

32. At all relevant times, Defendant Jyoti Khatri was an owner of GND Water and Ice.

33. At all relevant times, Defendant Jyoti Khatri was an employer of GND Water and Ice.

34. At all relevant times, Defendant Jyoti Khatri was a member of GND Water and Ice.

35. Defendant Jyoti Khatri has been at all relevant times Plaintiff's employer as defined by 29 U.S.C. § 203(d).

Doc ID: feaca0b142aaf5da00a4e1492ebf73502153178a

WEILER LAW PLLC
5050 N.40ᵗʰ St., Suite 260, Phoenix, AZ 85018
Tel & Fax: 480.442.3410 – info@weilerlaw.com

36.     Defendant Jyoti Khatri has been at all relevant times Plaintiff's employer as defined by A.R.S. § 23-362(B).

37.     As a person who acted in the interest of the previously identified corporate entity in relation to the company's employees, Defendant Jyoti Khatri is subject to individual and personal liability under the FLSA and AMWS.

38.     Upon reasonable belief, during Plaintiff's employment with Defendants, Defendant Jyoti Khatri and Defendant Sanjay Khatri were legally married.

39.     Defendant Jyoti Khatri and Defendant Sanjay Khatri have caused events to take place giving rise to this action as to which their marital community is fully liable.

40.     Under the principle of marital community property, all actions by one individual are imputed on the marital community property.

41.     Plaintiff is further informed, believes, and thereon alleges that each of the Defendants herein gave consent to, ratified, and authorized the acts of all other Defendants, as alleged herein.

42.      Defendants, and each of them, are sued in both their individual and corporate capacities.

43.     Defendants are jointly and severally liable for the injuries and damages sustained by Plaintiff.

44.     Upon reasonable belief, Plaintiff, in her work for Defendants, was employed by an enterprise engaged in commerce that had annual gross sales of at least $500,000 in 2023.

45.     Upon reasonable belief, Plaintiff, in her work for Defendants, was employed by an enterprise engaged in commerce that had annual gross sales of at least $500,000 in

2024.

46.     At all relevant times, Plaintiff, in her work for Defendants, was engaged in commerce or the production of goods for commerce.

47.     At all relevant times, Plaintiff, in her work for Defendants, was engaged in interstate commerce.

48.     Plaintiff, in her work for Defendants, regularly handled goods produced and transported in interstate commerce.

49.     Plaintiff handled credit card transactions.

50.     Plaintiff is a covered employee under individual coverage.

51.     Plaintiff is a covered employee under enterprise coverage.

### FACTUAL ALLEGATIONS

52.     The entity Defendant is a convenient store.

53.     On or around April 18, 2023, Plaintiff Debra Thomas commenced employment with Defendants as a cashier.

54.     Plaintiff's primary job duties included handling transactions, cleaning, and stocking.

55.     Plaintiff was paid $12.00 an hour in cash in 2023.

56.     Starting in 2024, Plaintiff was paid $13.00 an hour in cash.

57.     Plaintiff was supposed to be paid the Arizona minimum wage each year she worked for Defendants.

58.     Defendants did not provide Plaintiff with any form of paystubs or hours worked.

59.     Defendant Sanjay Khatri kept a little black notebook behind the register in

WEILER LAW PLLC

5050 N.40th St., Suite 260, Phoenix, AZ 85018
Tel & Fax: 480.442.3410 – info@weilerlaw.com

Doc ID: feaca0b142aaf5da00a4e1492ebf73502153178a

which he documents hours, and what he pays employees.

60.    When Plaintiff tried to copy down her hours from his notebook, Defendant Sanjay Khatri got very angry and took the notebook away from Plaintiff.

61.    Plaintiff estimates she is owed $3,774 in unpaid minimum wages for 2023.

62.    Plaintiff estimates she is owed $2,211.30 in unpaid minimum wages for 2024.

63.    Plaintiff Debra Thomas routinely worked in excess of 40 hours per week.

64.    Plaintiff Debra Thomas was not provided with the required one and one-half times pay premium as required by the FLSA for all her worked overtime hours.

65.    For example, during the workweek of December 4, 2023, Plaintiff worked approximately 63 hours and did not receive any overtime compensation.

66.    Plaintiff estimates she is owed approximately 690 hours of unpaid overtime in 2023.

67.    Plaintiff estimates she is owed approximately 598 hours of unpaid overtime in 2024.

68.    At all relevant times during Plaintiff's employment, Defendants failed to properly compensate Plaintiff for all her overtime hours.

69.    Defendants were aware that Plaintiff's working hours routinely exceeded 40 hours.

70.    Defendants required Plaintiff to work overtime as a condition of her employment.

71.    Defendants wrongfully withheld wages from Plaintiff by failing to pay all wages due for overtime hours Plaintiff worked.

WEILER LAW PLLC
5050 N.40th St., Suite 260, Phoenix, AZ 85018
Tel & Fax: 480.442.3410 – info@weilerlaw.com

Doc ID: feaca0b142aaf5da00a4e1492ebf73502153178a

WEILER LAW PLLC

5050 N. 40th St., Suite 260, Phoenix, AZ 85018
Tel & Fax: 480.442.3410 – info@weilerlaw.com

72.    Defendants refused and/or failed to properly disclose or apprise Plaintiff of her rights under the FLSA.

73.    Defendants have not kept proper records in violation of 29 C.F.R. § 516.2.

74.    Defendants' failure and/or refusal to compensate Plaintiff at the rates and amounts required by the FLSA were willful.

## COUNT I
## (FAILURE TO PAY OVERTIME WAGES – FLSA – 29 U.S.C. § 207)

75.    Plaintiff incorporates by reference all of the above allegations as though fully set forth herein.

76.    At all relevant times, Plaintiff was employed by Defendants within the meaning of the FLSA.

77.    Plaintiff is an employee entitled to the statutorily mandated overtime wages.

78.    Defendants have intentionally failed and/or refused to pay Plaintiff's overtime wages according to the provisions of the FLSA.

79.    As a direct result of Defendants' violations of the FLSA, Plaintiff has suffered damages by not receiving compensation in accordance with 29 U.S.C. § 207.

80.    In addition to the amount of unpaid overtime wages owed to Plaintiff, she is entitled to recover an additional equal amount as liquidated damages pursuant to 29 U.S.C. § 216(b).

81.    Defendants' actions in failing to compensate Plaintiff, in violation of the FLSA, were willful.

82.    Defendants knew Plaintiff was not being compensated overtime for time worked in excess of 40 hours in a given workweek and failed to pay proper overtime wages.

83.    Defendants knew their failure to pay overtime wages was a violation of the

Doc ID: feaca0b142aaf5da00a4e1492ebf73502153178a

FLSA.

84.    Defendants have not made a good faith effort to comply with the FLSA.

85.    Plaintiff is also entitled to an award of attorneys' fees, costs, and other statutory damages pursuant to 29 U.S.C. § 216(b).

**COUNT II**
**(FAILURE TO PAY MINIMUM WAGE – ARIZONA MINIMUM WAGE STATUTE)**

86.    Plaintiff incorporates by reference all of the above allegations as though fully set forth herein.

87.    At all relevant times, Plaintiff was employed by Defendants within the meaning of the Arizona Minimum Wage Statute.

88.    Defendants intentionally failed and/or refused to pay Plaintiff's full minimum wages according to the provisions of the Arizona Minimum Wage Statute.

89.    In addition to the amount of unpaid minimum wage owed to Plaintiff, she is entitled to recover an additional amount equal to twice the underpaid wages and interest pursuant to A.R.S. § 23-364(g).

90.    Plaintiff is also entitled to an award of attorneys' fees and costs pursuant to A.R.S. § 23-364(g).

**CONCLUSION AND PRAYER FOR RELIEF**

**WHEREFORE**, Plaintiff prays:

A.    For the Court to declare and find that the Defendants committed the following acts:

    i.    violated overtime wage provisions of the FLSA, 29 U.S.C. § 207, by failing to pay overtime;

WEILER LAW PLLC

5050 N.40ᵗʰ St., Suite 260, Phoenix, AZ 85018
Tel & Fax: 480.442.3410 – info@weilerlaw.com

Doc ID: feaca0b142aaf5da00a4e1492ebf73502153178a

WEILER LAW PLLC

5050 N. 40th St., Suite 260, Phoenix, AZ 85018
Tel & Fax: 480.442.3410 – info@weilerlaw.com

ii. willfully violated overtime wage provisions of the FLSA, 29 U.S.C. § 207, by failing to pay overtime;

iii. violated minimum wage provisions of the Arizona Minimum Wage Statute, by failing to pay minimum wages;

iv. willfully violated minimum wage provisions of the Arizona Minimum Wage Statute, by failing to pay minimum wages;

B. For the Court to award compensatory damages, including liquidated damages pursuant to 29 U.S.C. § 216(b), and treble damages pursuant to A.R.S. § 23-364(g), to be determined at trial;

C. For the Court to award interest on all wage compensation due accruing from the date such amounts were due under all causes of action set forth herein;

D. For the Court to award such other monetary, injunctive, equitable, and declaratory relief as the Court deems just and proper;

E. For the Court to award Plaintiff reasonable attorneys' fees and costs pursuant to 29 U.S.C. § 216(b) and A.R.S. § 23-364(g) and all other causes of action set forth herein;

F. Any other remedies or judgments deemed just and equitable by this Court.

RESPECTFULLY SUBMITTED February 19, 2025.

**WEILER LAW PLLC**

By: /s/ Jason Barrat
5050 N. 40th St., Suite 260
Phoenix, AZ 85018
Attorneys for Plaintiff

## **VERIFICATION**

Plaintiff Debra Thomas declares under penalty of perjury that she has read the foregoing Verified Complaint and is familiar with the contents thereof. The matters asserted therein are true and based on her personal knowledge, except as to those matters stated upon information and belief, and as to those matters, she believes them to be true.

*Debra F. Thomas*
_____
Debra Thomas

WEILER LAW PLLC

5050 N.40th St., Suite 260, Phoenix, AZ 85018
Tel & Fax: 480.442.3410 – info@weilerlaw.com

Doc ID: feaca0b142aaf5da00a4e1492ebf73502153178a