**WO**

# IN THE UNITED STATES DISTRICT COURT

# FOR THE DISTRICT OF ARIZONA

|  |  |
|---|---|
| Debra Thomas, | No. CV-25-00555-PHX-JZB |
| Plaintiff, | **ORDER** |
| v. | |
| Khatri LLC, et al., | |
| Defendants. | |

Pending before the Court is "Plaintiff's Motion for Partial Judgment on the Pleadings and Motion to Strike Affirmative Defense" ("Motion for Partial Judgment on the Pleadings"). (Doc. 12.) The motion will be granted in part.[1]

## I.    Background.

Plaintiff filed the Complaint initiating this civil action on February 19, 2025, bringing claims under the Fair Labor Standards Act ("FLSA") and the Arizona Minimum Wage Act ("AMWA"). (Doc. 1.) She alleged she commenced employment with Defendant Khatri LLC d/b/a GND Water and Ice as a cashier in April 2023. (*Id.* at 6.) Her job responsibilities were cashiering, cleaning, and stocking. (*Id.*) Defendants Sanjay and Jyoti Katri, a married couple, were the owners and LLC members of Khatri LLC d/b/a GND Water and Ice. (*Id.* at 3-4.) Plaintiff alleges Defendants Sanjay and Jyoti Khatri were Plaintiff's employers. (*Id.*) Plaintiff alleges she is owed $3,774 in unpaid minimum wages for 2023 and $2,211.30 in unpaid minimum wages for 2024. (*Id.* at 7.) She further alleges

---

[1] On March 27, 2025, the Court received final consent of all parties to the jurisdiction of a magistrate judge pursuant to 28 USC § 636(c). (Doc. 18.)

she routinely worked over 40 hours per week and is owed the required one-and-one-half times pay premium required by the FLSA for all her overtime hours. (*Id*.) She alleges she is owed 690 hours of unpaid overtime in 2023 and approximately 598 hours of unpaid overtime in 2024. (*Id*.)

Defendants answered the Complaint on March 11, 2025. (Doc. 10.) As is relevant here, they admitted Plaintiff handled credit card transactions as part of her job duties but denied Plaintiff's allegation she was an individually covered employee under the FLSA and AMWA because Defendants were exempt, and Plaintiff was an independent contractor. (*Id*. at 14.) Defendants further allege they paid Plaintiff the additional compensation of renting Defendants' home for over $300 per month below the market rate. (*Id*. at 15-16.)

Plaintiff filed the Motion for Partial Judgment on the Pleadings on March 24, 2025. (Doc. 12.) She contends that judgment on the pleadings is appropriate on the following issues: (1) Plaintiff is individually covered under the Fair Labor Standards Act's overtime rules (doc. 12 at 5-7); (2) Defendant Khatri LLC d/b/a/ GND Water and Ice is not a "small business," and thus, is not exempt under the AMWA (*id*. at 7); (3) Defendants Sanjay and Jyoti Khatri are "employers" under the FLSA and AMWA (*id*. at 8); and (4) Defendants are liable on the AMWA claim (*id*. at 9). Plaintiff further argues Defendants' rent-setoff affirmative defense should be stricken (*id*. at 9-11).

Defendants responded (doc. 22) and Plaintiff replied (doc. 23). For the following reasons, Plaintiff's motion is granted in part.

**II.    Legal Standard.**

Plaintiff moves for both a Rule 12(c) motion for judgment on the pleadings and a Rule 12(f) motion to strike. *See* (doc. 12 at 1–2.) The legal standards for both motions are addressed below.

A.    Motion for Judgment on the Pleadings.

Under Rule 12(c), a party may move for judgment on the pleadings "[a]fter the pleadings are closed—but early enough not to delay trial." Fed. R. Civ. P. 12(c). A motion

for judgment on the pleadings under Federal Rule of Civil Procedure 12(c) is "functionally identical" to a Rule 12(b)(6) motion to dismiss[. T]hus[,] "the same standard of review applies to motions brought under either rule." *Cafasso, U.S. ex rel. v. Gen. Dynamics C4 Sys., Inc.*, 637 F.3d 1047, 1055 n.4 (9th Cir. 2011) (internal quotation omitted).

A "[j]udgment on the pleadings is properly granted when there is no issue of material fact in dispute, and the moving party is entitled to judgment as a matter of law." *Fleming v. Pickard*, 581 F.3d 922, 925 (9th Cir. 2009) (citations omitted); *Dunlap v. Credit Protection Ass'n LP*, 419 F.3d 1011, 1012 n.1 (9th Cir. 2005) (per curiam). "The court must accept the complaint's factual allegations as true and construe those facts in the light most favorable to the non-movant, [ ]but the court is not bound to accept as true a legal conclusion couched as a factual allegation[.]" *Clark v. CT Corp. Sys. on behalf of Genesis Fin. Sols., Inc.*, No. 6:22-CV-00845-MK, 2023 WL 3766354, at *1 (D. Or. May 12, 2023), report and recommendation adopted, No. 6:22-CV-00845-MK, 2023 WL 3763544 (D. Or. June 1, 2023). Although the complaint does not need to "contain detailed factual allegations[,] . . . it must plead 'enough facts to state a claim to relief that is plausible on its face.'" *Clemens v. DaimlerChrysler Corp.*, 534 F.3d 1017, 1022 (9th Cir. 2008) (quoting *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (citing *Twombly*, 550 U.S. at 556).

B. <u>Motion to Strike.</u>

Pursuant to Rule 12(f), the Court "may strike from a pleading an insufficient defense or any redundant, immaterial, impertinent, or scandalous matter." Fed. R. Civ. P. 12(f). A defense is immaterial where it "has no essential or important relationship to the claim for relief or the defenses being plead." *Petrie v. Elec. Game Card, Inc.*, 761 F.3d 959, 967 (9th Cir. 2014) (citing *Fantasy, Inc. v. Fogerty*, 984 F.2d 1524, 1527 (9th Cir.1993), *rev'd on other grounds*, 510 U.S. 517 (1994)). Even evidence that may be improper is not immaterial under Rule 12(f) so long as it has an "essential or important relationship to the

claim for relief or the defenses being pleaded." *Fogerty*, 984 F.2d at 1527; *Petrie*, 761 F.3d at 967. Matter is impertinent where it "consists of statements that do not pertain, and are not necessary, to the issues in question." *Fogerty*, 984 F.2d at 1527 (citation omitted).

"[T]he function of a 12(f) motion to strike is to avoid the expenditure of time and money that must arise from litigating spurious issues by dispensing with those issues prior to trial . . . ." *Sidney-Vinstein v. A.H. Robins Co.*, 697 F.2d 880, 885 (9th Cir. 1983). Motions to strike are disfavored as they "involve a drastic remedy and may be used as a dilatory or harassing tactic." *J & J Sports Productions Inc. v. Mosqueda*, No. CV-12-0523-PHX-DGC, 2013 WL 951366, at *1 (D. Ariz. Mar. 12, 2013) (citation omitted). Furthermore, motions to strike are disfavored due to "the strong policy favoring resolution on the merits." *Barnes v. AT & T Pension Ben. Plan-Nonbargained Program*, 718 F. Supp. 2d 1167, 1170 (N.D. Cal. 2010).

**III.    Analysis.**

In Plaintiff Thomas's Motion for Partial Judgment on the Pleadings, she contends that: (A) she is a covered employee under FLSA individual coverage; (B) Defendant Khatri LLC d/b/a GND Water and Ice is not a small business under the AMWS; (C) Defendants Sanjay Khatri and Jyoti Jhatri are employers under the AMWS and FLSA and are jointly and severally liable; (D) Defendants are liable for not paying Arizona minimum wages; and (E) Defendants' rent setoff affirmative defense should be stricken only as it relates to Arizona minimum wages. (Doc. 12 at 5, 7–10); (doc. 23 at 4.) For the following reasons, the Court agrees with Plaintiff's fifth contention.

A.    FLSA Individual Coverage.

Section 207 of the FLSA "generally requires employers to pay overtime to employees who work more than 40 hours per week." *East v. Bullock's Inc.*, 34 F. Supp. 2d 1176,1180 (D. Ariz. 1998); 29 U.S.C. § 207(a)(1). Section 207 was designed "to spread employment through imposing the overtime pay requirement on the employer and to compensate the employee for the burden of a workweek in excess of the hours fixed by the Act." *Jewell Ridge Coal Corp. v. Loc. No. 6167, United Mine Workers of Am.*, 325 U.S.

161, 167 (1945). An employer who is in violation of § 207 shall be liable to the employee . . . affected in the amount of their unpaid minimum wages, or their unpaid overtime compensation, . . . and in an additional equal amount as liquidated damages." 29 U.S.C. § 216(b).

The FLSA creates a private cause of action for covered employees to "recover[] . . . unpaid overtime wages and back pay." *Quinonez v. Reliable Auto Glass, LLC*, No. CV-12-000452-PHX-GMS, 2012 WL 2848426, at *1 (D. Ariz. July 11, 2012) (quoting *Josendis v. Wall to Wall Residence Repairs, Inc.*, 662 F.3d 1292 (11th Cir. 2011)). There are two ways an employee may be covered under the FLSA: (1) individually, if they are "engaged in commerce or in the production of goods for commerce[]"; and (2) via enterprise coverage, "if they are employed in an enterprise engaged in commerce or in the production of goods for commerce." *Zorich v. Long Beach Fire Dept. and Ambul. Serv., Inc.*, 118 F.3d 682, 684 (9th Cir. 1997) (citations omitted).

In Plaintiff's Motion for Partial Judgment on the Pleadings, she asserts that she falls under FLSA's individual coverage. (Doc. 12 at 5.) Defendants respond—albeit indirectly—that Plaintiff does not fall under individual coverage nor enterprise coverage. (Doc. 22 at 3–4.) Accordingly, the Court will limit its review to whether Plaintiff falls under individual coverage.[2]

"'Individual coverage' applies if an employee 'regularly and directly participat[es] in the actual movement of persons or things in interstate commerce.'" *Quinonez*, 2012 WL 2848426, at *2 (quoting *Josendis*, 662 F.3d at 1198). The FLSA defines "Commerce" as "trade, commerce, transportation, transmission, or communication among the several States or between any State and any place outside thereof." 29 U.S.C. § 203(b). Although commerce does not include employees engaging in "activities which merely 'affect' such interstate or foreign commerce[,]" it is clear that individual coverage "extends to every employee employed 'in the channels of' such commerce or in activities so closely related

---

[2]    *See Zorich*, 118 F.3d at 684 ("Notably, the statute separates these two categories with the disjunctive 'or' rather than with 'and,' indicating that Congress intended the Act to apply to an employee either individually or through his employer.").

to such commerce, as a practical matter, that they should be considered a part of it." 29 C.F.R. § 776.9 (citing *Walling v. Jacksonville Paper Co.*, 317 U.S. 564, 567 (1943) ("It is clear that the purpose of the Act was to extend federal control in this field throughout the farthest reaches of the channels of interstate commerce.").

While the bounds of interstate commerce "is to be given a broad, liberal construction," *Brennan v. Wilson Bldg., Inc.*, 478 F.2d 1090, 1094 (5th Cir. 1973) (citing *Mitchell v. C.W. Vollmer & Co.*, 349 U.S. 427, 429 (1955)), it is not limitless. Rather, to be covered under the FLSA's individual coverage, the employee's activity must have some relation—even if remote—to the comings and goings of goods, peoples, communications, or instruments across state lines. *See* 29 C.F.R. § 776.9; *see also McLeod v. Threlkeld*, 319 U.S. 491, 497 (1943) ([It] is not whether the employee's activities affect or indirectly relate to interstate commerce but whether they are actually in or so closely related to the movement of the commerce as to be a part of it."); *Zorich*, 118 F.2d at 684–86; *Thorne v. All Restoration Services, Inc.*, 448 F.3d 1264, 1267 (11th Cir. 2006) ("Therefore, for an employee to be 'engaged in commerce' under the FLSA, he must be directly participating in the actual movement of persons or things in interstate commerce by (i) working for an instrumentality of interstate commerce, . . . or (ii) by regularly using the instrumentalities of interstate commerce in his work . . . ."); *Wirtz v. Durham Sandwich Co.*, 367 F.2d 810, 812 (4th Cir. 1966).

In the case at hand, Plaintiff has failed to plead sufficient factual content to find that she is a covered employee under the FLSA's individual coverage. In her complaint, Plaintiff does allege that she "handled credit card transactions," (doc. 1 at 6,) which the Defendants thereafter admitted. (Doc. 10 at 14.) But such an allegation, taken as true, does not show that she individually engaged in interstate commerce. At all times, Defendants have refuted any notion that Plaintiff, by taking customer payments, was engaged in interstate commerce. *See* (doc. 10 at 13–14); see *also* (doc. 22 at 6–7.) Additionally, both sides disagree whether Plaintiff handled any goods produced and transported in interstate commerce. *Compare* (doc. 1 at 6) *with* (doc. 10 at 13–14) *and* (doc. 22 at 6–7.) Therefore,

1    Plaintiff has not settled the factual dispute of whether she handled goods involved in

2    interstate commerce.

3         Further, Plaintiff has failed to convince the Court that handling credit card

4    transactions is sufficient to cover her under § 207's individual coverage. In her Motion for

5    Partial Judgment on the Pleadings, Plaintiff supplies several authorities that establish the

6    bounds of § 207's individual coverage, (doc. 12 at 6–7,) but these sources involve the

7    receipt, distribution, communication, and handling of people and goods *across state lines*.

8    *E.g., Wirtz v. Wardlaw*, 339 F.2d 785, 787 (4th Cir. 1964) (finding the employees were

9    "engaged in commerce" because "their activities [came] within the statutory definition of

10   commerce as transportation, transmission, or communication among the several states")

11   (cleaned up) (emphasis added). Furthermore, while the Court finds the Department of

12   Labor's opinion letter interpreting the FLSA persuasive, the Court will not rest its judgment

13   solely upon the interpretation of an Executive Agency. To do so would fly in the face of

14   the Supreme Court's recent decision in *Loper Bright Enterprises v. Raimondo*.[3]

15        Accordingly, the Court will not render a judgment on the pleadings regarding the

16   issue of FLSA individual coverage because there is an issue of material fact in dispute.

17        B. <u>AMWS Small Business</u>.

18        To state a claim under the AMWS, "the plaintiff must allege that she was not paid

19   the applicable minimum wage for hours worked." *Coe v. Hirsch, et al.*, No. CV-21-00478-

20   PHX-SMM-MTM, 2021 WL 5634798, at *2 (D. Ariz. Dec. 1, 2021); A.R.S. § 23-363. For

21   the claim to be eligible, "the defendant must be an 'employer,' the plaintiff must be an

22   'employee' . . . ." *Chang v. Major League Constr. LLC*, No. CV-25-00131-PHX-MTL,

23   2025 WL 1707836, at *5 (D. Ariz. June 17, 2025) (quoting *Hirsch*, 2021 WL 5634798, at

24   *2). To qualify as an employer business, the business "must generate no less than $500,000

25   in gross annual revenue." *Jimenez v. Terrific Tree Trimmer, LLC*, No. CV-22-01787-PHX-

26

27   _____
     [3]     "Whatever respect an Executive Branch interpretation was due, a judge certainly
28   would not be bound to adopt the construction given by the head of a department. Otherwise,
     judicial judgment would not be independent at all." *Loper Bright Enters. v. Raimondo* 603
     U.S. 369, 386 (2024) (internal quotation and citations omitted).

1  SPL, 2023 WL 4161359, at \*4 (D. Ariz. June 23, 2023); A.R.S. § 23-362(C). Under the
2  AMWS, a "Small Business" is exempt from the minimum wage requirement. A.R.S. § 23-
3  362(C); *Jimenez*, 2023 WL 4161359, at \*4.

4      In her complaint, Plaintiff contends that Defendant d/b/a GND Water and Ice was
5  an enterprise engaging in commerce with an annual gross sale of at least $500,000 in the
6  years 2023 and 2024. (Doc. 1 at 5–6.) In Defendants answer, they deny that Defendant
7  d/b/a GND Water and Ice had gross sales in excess of $500,000 for the years 2023 and
8  2024. (Doc. 10 at 13.) In support of their answer, Defendants also attach as Exhibit 1
9  Defendant d/b/a GND Water and Ice's tax returns for the years 2020 to 2024. *See* (doc. 10
10  at 33–42.) On their face, the tax returns appear to rebut the claim that Defendant d/b/a GND
11  Water and Ice had gross income in excess of $500,000 for the years 2023 to 2024.[4] *See*
12  (doc. at 39, 41.)

13      Because there is an issue of material fact in dispute, Plaintiff is not entitled to
14  judgment as a matter of law on the issue of whether Defendant d/b/a GND Water and Ice
15  is a Small Business under the AMWS.

16      C. Joint and Several Liability.

17      For a claim to be eligible under the FLSA and AMWS, a defendant must be an
18  "employer." *See* 29 U.S.C. § 216(b); *see also Chang*, 2025 WL 1707836, at \*5. Plaintiff
19  asserts that both Defendants Jyoti and Sanjay Khatri are employers under both the Federal
20  and State statutes. (Doc. 12 at 8–9.) Accordingly, the Court will analyze both below.[5]
21  //

22
23  [4]    "When considering a judgment on the pleadings, a court should not blindly accept
the allegations in the pleadings as true if these allegations are contradicted by uncontested
24  facts set forth in (1) exhibits to the nonmoving party's pleading [or] (2) documents that are
referred to in the non-moving party's pleading . . . ." *Yang v. Dar Al-Handash Consultants*,
25  250 Fed. App'x 771, 772 (9th Cir. 2007).
   [5]    In Plaintiff's Motion for Partial Judgment on the Pleadings, she asserts that "because
26  Sanjay Khatri and Defendant Jyoti Khatri—who is also an owner—are legally married,
under community property Jyoti Khatri is liable." (Doc. 12 at 9.) The only factual support
27  for this is that Defendants Jyoti and Sanjay Khatri are married. (Doc. 1 at 38); (doc. 10 at
11–12.) Plaintiff does not provide any legal authority supporting this contention. See (doc.
28  12 at 8–9.) The Court, noting that it "is not bound to accept as true a legal conclusion
couched as a factual allegation[,]" *Clark*, 2023 WL 3766354, at \*1, finds that judgment on
the pleadings is wholly inappropriate on this issue.

1      i.      *FLSA Employer.*

2      Turning first to the FLSA, the Act defines an employer as "any person acting

3  directly or indirectly in the interest of an employer in relation to an employee . . . ." 29

4  U.S.C. § 203(d). This definition is "not limited by the common law concept of 'employer,'

5  but 'is to be given an expansive interpretation in order to effectuate the FLSA's broad

6  remedial purposes.'" *Lambert v. Ackerley*, 180 F.3d 997, 1011–12 (9th Cir. 1999) (quoting

7  *Bonnette v. California Health and Welfare Agency*, 704 F.2d 1465 (9th Cir. 1983),

8  *overruled on other grounds by Garcia v. San Antonio Metro. Transit Auth.*, 469 U.S. 528

9  (1985)). A manger may be independently liable under the FLSA. *See Boucher v. Shaw*, 572

10 F.3d 1087, 1094 (9th Cir. 2009) (citing *Donovan v. Agnew*, 712 F.2d 1509, 1511 (1st Cir.

11 1983) ("The overwhelming weight of authority is that a corporate officer with operational

12 control of a corporation[] . . . is an employer along with the corporation, jointly and

13 severally liable under the FLSA for unpaid wages.")).

14     The key analysis in determining whether an individual is an employer is "the

15 'economic reality' of the relationship." *Boucher*, 572 F.3d at 1091 (9th Cir. 2009) (quoting

16 *Goldberg v. Whitaker H. Co-op., Inc.*, 366 U.S. 28, 33 (1961)). Elements to look for in

17 determining whether an individual is an employer are whether the individual: "had a

18 significant ownership interest with operational control of significant aspects of the

19 corporation's day-to-day functions; the power to hire and fire employees; the power to

20 determine salaries; and the responsibility to maintain employment records." *Boucher*, 572

21 F.3d at 1091 (cleaned up).

22     Pursuant to the pleadings, it appears that Sanjay Khatri has significant economic

23 and operational control over GND Water and Ice and Plaintiff when employed. As Plaintiff

24 notes in her Motion for Partial Judgment on the Pleadings, Sanjay Khatri "is the Owner,

25 Member, and Statutory agent for GND Water and Ice," (doc. 12 at 8,) which Defendants

26 admit to. (Doc. 10 at 6.) Defendants further admit Sanjay Khatri had the authority to hire

27 Plaintiff, interviewed and hired her on 4/18/2023, had authority to supervise and control

28

1   Plaintiff, and made schedules for Plaintiff.[6] (Doc. 10 at 7–9.) Plaintiff pointed these
2   admissions out in her Motion for Partial Judgment on the Pleadings—albeit mistakenly
3   noting that Defendants admitted to paying her in cash, which the Defendants denied in their
4   answer. *Compare* (doc. 12 at 8) *with* (doc. 10 at 8–9.) Therefore, on the face of the
5   pleadings, it does appear Sanjay Khatri has significant economic and operational control
6   over GND Water and Ice.

7        Turning next to Jyoti Khatri, it is less than clear whether she is has any significant
8   economic and operational control over GND Water and Ice or Plaintiff. All that Defendants
9   admit to is Defendant Jyoti Khatri being an owner and member of GND Water and Ice.
10  (Doc. 10 at 9–10); (doc. 12 at 8.). The fact she is married to Sanjay Khatri has no import
11  under the *Boucher* factors. Because Plaintiff can only show that Jyoti Khatri is an owner
12  of GND Water and Ice, the Court is not convinced that Plaintiff has met her burden

13       While the facts pertaining to Sanjay Khatri do appear to satisfy the *Boucher*
14  economic reality factors, because it is unclear whether Plaintiff is individually covered by
15  the FLSA, there remains an issue of material fact in dispute. Therefore, judgment on the
16  pleadings is inappropriate for this sub-issue.

17            ii.    *AMWS Employer*.

18       Turning next to the AMWS, it defines an employer as "any corporation,
19  proprietorship, . . . individual or other entity acting directly or indirectly in the interest of
20  an employer in relation to an employee, but does not include . . . a small business." A.R.S.
21  § 23-362(B). Because—as noted above—it is unclear whether GND Water and Ice is a
22  small business under AMWS, there remains an issue of material fact in dispute preventing
23  the Court from finding that either Jyoti or Sanjay Khatri are employers under the AMWS.

24     D. Liability for Non-Payment of Arizona Minimum Wages.

25       In Plaintiff's final issue for judgment on the pleadings, she asserts that she was not
26  paid Arizona minimum wages in 2023 and 2024. (Doc. 12 at 9.) In Arizona, the state

27
28
---
[6]    Defendants noted that they "admit and deny" each of the allegations noted above,
contending that Plaintiff was an independent contractor. (Doc. 10 at 7–9.) This shall be
treated as a Rule 8(4) denial of part of an allegation. *See* Fed. R. Civ. P. 8(4).

1   minimum wages for the years 2023 and 2024 were $13.85 and $14.35, respectively. *See*
2   A.R.S. § 23-363(B).[7] As this Court noted in *Reyes v. LaFarga*, "evidence of non-monetary
3   compensation [is] irrelevant to [a] state law minimum wage claim[,]" because "[c]redit for
4   the value of lodging . . . is not allowed when computing an individual's entitlement to
5   receive minimum wages under the act." *Reyes v. LaFarga*, No. CV-11-1998-PHX-SMM,
6   2013 WL 12098794, at *1–2 (D. Ariz. Nov. 20, 2013).

7        Based on the pleadings, it is clear that Plaintiff was not paid the Arizona statutory
8   minimum wage in the years 2023 and 2024. *See* (doc. 1 at 6) (alleging Plaintiff was paid
9   $12 in 2023 and $13 in 2024); *see also* (doc. 10 at 15–16) (admitting that Plaintiff was paid
10  those amounts in 2023 and 2024, but claiming a reduction was in order for renting Plaintiff
11  the Defendants residence in Chandler, AZ); (doc. 12 at 9.) But, as A.R.S. § 23-363(A)
12  notes, the minimum wage applies to "[e]mployers[,]" which does not include small
13  businesses. A.R.S. § 23-362(B); A.R.S. § 23-363(A). Accordingly, there remains an issue
14  of material fact in dispute preventing the Court from finding Defendants liable for failure
15  to pay state minimum wages.

16       E.   Rent Setoff Affirmative Defense.

17       In Plaintiff's motion, she seeks to strike Defendants' rent setoff affirmative defense
18  as it pertains to Arizona statutory minimum wages. (Doc. 12 at 9–11); (doc. 23 at 4.)
19  Defendants respond by stating that the rental reduction of "over $300 per month below
20  market rate" for Defendants' residence in Chandler, AZ, is "additional compensation."
21  (Doc. 22 at 7.) In support of this contention, Defendants cite a 7th Circuit case from 1948,
22  a 1957 case from the U.S. District Court for the District of New Jersey—incorrectly
23  attributed to a fictious U.S. District Court for the District of New York—, and a 1975 Court
24  of Appeals of Arizona decision. (Doc. 22 at 7–8.) All of these sources are eminently

25  ───────────────
26  [7]     Indus. Comm'n of Ariz., *The Fair Wages and Healthy Families Act*,
    https://www.azica.gov/sites/default/files/2023-08/2023%20THE%20FAIR%20WAGES
    %20AND%20HEALTHY%20FAMILIES%20ACT.pdf (last visited Sept. 24, 2025)
27  (noting Arizona's 2023 minimum wage); Indus. Comm'n of Ariz., *The Fair Wages and
    Healthy      Families      Act*,      https://www.azica.gov/sites/default/files/2023-
28  12/2024%20THE%20FAIR%20WAGES%20AND%20HEALTHY%20FAMILIES%20
    ACT%20English.pdf (last visited Sept. 24, 2025) (noting Arizona's 2024 minimum wage).

1   unpersuasive in light of the 2006 Raise the Arizona Minimum Wage for Working

2   Arizonans Act and this Courts own decision in *Reyes v. LaFarga*, noted above.

3        Because Defendants' affirmative defense fails to take into consideration the changes

4   to the Arizona minimum wage that have occurred in the 50 years post-1975, the Court will

5   strike Defendants affirmative defense pursuant to Rule 12(f) as insufficient solely as it

6   relates to the requirement to pay Arizona statutory minimum wages.[8] This decision in no

7   way affects Defendants ability to raise the affirmative defense as it relates to the FLSA.[9]

8   **IV.   Conclusion**.

9        For the foregoing reasons, the Court will deny Rule 12(c) judgment on the pleadings

10  for Plaintiff's first, second, third, and fourth contentions. Furthermore, the Court will grant

11  Plaintiff's Rule 12(f) motion to strike Defendants' rent setoff affirmative defense solely as

12  it relates to the requirement to pay Arizona statutory minimum wages. This decision in now

13  way precludes Defendants from raising the affirmative defense as it pertains to FLSA

14  overtime.

15       Accordingly,

16       **IT IS ORDERED** that Plaintiff Thomas's Motion for Partial Judgment on the

17  Pleadings (doc. 12) is **GRANTED IN PART AND DENIED IN PART**.

18       **IT IS FURTHER ORDERED** that Defendants' rent setoff affirmative defense is

19  **STRICKEN** only as it relates to the requirement to pay Arizona minimum wages.

20       **IT IS FURTHER ORDERED** that the stay (doc. 34) is **EXTENDED** for 30 days.

21       **IT IS FURTHER ORDERED** that The Parties shall indicate whether assistance

22  from the Court is needed in seeking settlement of the case. If indicated, this matter will be

23  referred to a United States Magistrate Judge for the purpose of holding a settlement

24  conference.

25

26  _____
    [8]      The purpose of a "motion to strike is to avoid the expenditure of time and money
    that must arise from litigating spurious issues[.]" *Sidney-Vinstein.*, 697 F.2d at 885.
27  Defendants' argument, related solely to Arizona minimum wages, is a spurious issue.
    [9]      Defendants shall not argue the matter of rent setoff as it relates to state minimum
28  wages. They may freely do so as it relates to the FLSA. *See Reyes*, 2013 WL 12098794, at
    *3 ("[T]he exclusion of non-monetary compensation in calculating Arizona minimum
    wage does not extend to the calculation of federal overtime pay.").

**IT IS FURTHER ORDERED** that the following Rule 16 Case Management Order, incorporating the dates still remaining in the Court's May 15, 2025, Order (doc. 34), is in effect:

1. <u>Rules</u>.

All parties must abide by the Federal Rules of Civil Procedure and the Local Rules of Civil Procedure ("LRCiv"), Rules of Practice of the U.S. District Court for the District of Arizona. To the extent that the Federal Rules of Civil Procedure differ from the Local Rules, the Federal Rules of Civil Procedure shall govern.

2. <u>Discovery Limitations</u>.

Depositions are limited to seven hours each as provided in Rule 30(d)(1) of the Federal Rules of Civil Procedure. The limits set forth in Rules 30, 31, and 33 of the Federal Rules of Civil Procedure govern the number of depositions and interrogatories. Each party may also propound up to 40 requests for production of documents, including subparts, and up to 40 requests for admissions, including subparts. The parties may increase the limitations set forth in this paragraph by written agreement, but such an increase will not result in an extension of the discovery deadlines set forth below.

3. <u>Fact Discovery</u>.

The deadline for completing fact discovery, including discovery by subpoena, **shall be November 21, 2025**. To ensure compliance with this deadline, the following rules shall apply:

a. All depositions shall be scheduled to commence at least five business days prior to the discovery deadline. A deposition commenced five business days prior to the deadline may continue up until the deadline, as necessary.

b. All interrogatories, requests for production of documents, and requests for admissions **shall be served at least 45 days** before the discovery deadline. The parties may agree in writing, without Court approval, to extend the time for discovery responses provided in Rules 33, 34, and 36 of the Federal Rules of Civil Procedure. Such agreed-upon extensions, however, shall not alter or extend the discovery deadlines set forth in this

Order.

c.   The parties must state with specificity objections to interrogatories, requests for admissions, and requests for production. The Court will not consider "general" or "global" objections.

4.   Expert Disclosures and Discovery.

The parties have stated they will **not** retain experts. (Doc. 21 at 11.)

5.   Discovery Disputes.

a.   The parties may not file written discovery motions without leave of Court.[10] If a discovery dispute arises, the parties must promptly contact the Court to request a telephonic conference concerning the dispute. The Court will seek to resolve the dispute during the telephonic conference and may enter appropriate orders based on the conference. The Court may order briefing, if necessary.

b.   Parties shall not contact the Court concerning a discovery dispute without first seeking to resolve the matter through personal or telephonic consultation and sincere effort as required by LRCiv 7.2(j). Any briefing ordered by the Court must also comply with LRCiv 7.2(j).

c.   Absent extraordinary circumstances, the Court will not entertain fact discovery disputes after the deadline for completing fact discovery and will not entertain expert discovery disputes after the deadline for completing expert discovery.

6.   Dispositive Motions.

a.   Dispositive motions shall be filed **no later than December 12, 2025**. Such motions must comply in all respects with the Federal Rules of Civil Procedure and the Local Rules of Civil Procedure.

b.   No party may file more than one motion for summary judgment under Rule 56 of the Federal Rules of Civil Procedure without first obtaining permission, by joint telephone call, from the Court.

---

[10]   The prohibition on "written discovery motions" includes any written materials delivered or faxed to the Court, including hand-delivered "correspondence" with attachments.

c.  Failure to respond to a motion within the time periods provided in LRCiv 7.2 **will be deemed consent to the granting of the motion**, and the Court may dispose of the motion summarily pursuant to LRCiv 7.2(i).

d.  The parties shall not notice oral argument on any motion. Instead, a party desiring oral argument shall place the words "Oral Argument Requested" immediately below the title of the motion pursuant to LRCiv 7.2(f). The Court will issue an order scheduling oral argument as it deems appropriate.

7.  <u>Good Faith Settlement Talks</u>.

All parties and their counsel shall meet in person and engage in good faith settlement talks **no later than November 10, 2025**. Upon completion of such settlement talks, and no later than seven days after the deadline set forth in the preceding sentence, the parties shall file a Joint Report on Settlement Talks. The Report shall (a) inform the Court that the parties engaged in good faith settlement talks; (b) state the outcome of such talks; and (c) indicate whether the parties need assistance from the Court in seeking settlement of the case. The parties shall promptly file a Notice of Settlement with the Court at any time when settlement is reached during the course of this litigation.

8.  <u>Notice of Readiness for Pretrial Conference</u>.

Plaintiff(s) shall notify the Court that the parties are ready for scheduling a Final Pretrial Conference pursuant to Rule 16(e) of the Federal Rules of Civil Procedure. Plaintiff(s) shall file and serve this notice within 10 days after the dispositive motion deadline, if no dispositive motions are pending on that date. If dispositive motions are pending, Plaintiff(s) shall file and serve the notice within 10 days after the resolution of dispositive motions. The Court will then issue an Order Setting Final Pretrial Conference that instructs the parties concerning their duties in preparing for the Final Pretrial Conference. A firm trial date will be set at the Final Pretrial Conference.

9.  <u>The Deadlines Are Firm</u>.

The parties are advised that the Court **will** enforce the deadlines set forth in this Order. The parties should plan accordingly.

- 15 -

10. <u>Briefing Requirements</u>.

    a.  All Memoranda filed with the Court **shall** comply with LRCiv 7.1(b) requiring 13-point font in text and footnotes.

    b.  Citations in support of any assertion in the text shall be included in the text, not in footnotes.

    Dated this 26th day of September, 2025.

<br>

Honorable John Z. Boyle
United States Magistrate Judge